**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0862-WJM-KMT

FIRST MERCURY INSURANCE COMPANY,

    Plaintiff,

v.

STEPHENSON CONSTRUCTION INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff First Mercury Insurance Company brings this declaratory judgment action against Defendant Stephenson Construction Inc. ("Stephenson) asking the Court to declare the rights of the parties under an insurance policy issued by Plaintiff to Defendant. (ECF No. 1.) Before the Court is Plaintiff's Motion for Summary Judgment ("Motion") on Count I of its Complaint seeking a declaration that Plaintiff owes no duty to defend Stephenson in two cases pending in the Colorado state courts. (ECF No. 14.) Defendant has not opposed the Motion.[1] For the reasons set forth below, Plaintiff's Motion is granted.

## I.  LEGAL STANDARD

When a nonmoving party fails to respond to a motion, the Court still must examine the motion to determine if the moving party has met its initial burden of demonstrating that no material issues of fact remain for trial and that the moving party

---

[1] Defendant's failure to oppose the Motion for Summary Judgment appears to be part of a an agreed-upon settlement of this action. (ECF No. 14 at 1.)

is entitled to judgment as a matter of law. *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). If it has not, summary judgment is not appropriate because "[n]o defense to an insufficient showing is required." *Id*.

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II.  ANALYSIS

This action arises out an insurance policy—policy number FMTX007924 ("Policy")—issued by Plaintiff to Defendant in September 2010.[2] (ECF No. 14 at 2.) Since 2004, Defendant has also been insured under a policy issued by non-party

---

[2] As Plaintiff's Motion for Summary Judgment is unopposed, the Court considers the facts set forth therein as undisputed for purposes of the Motion. *See* Fed. R. Civ. P. 56(e).

CICNA.  (*Id*. at 6.)  Defendant is currently litigating two cases in the Colorado State Courts involving construction defect claims (the "Underlying Actions").  (*Id*.)  CICNA is providing a defense for Stephenson in both of those actions.  (*Id*. at 8.)

Count I of Plaintiff's Complaint alleges that Plaintiff owes no duty to defend Stephenson in the Underlying Actions.  (ECF No. 1 at 8-9.)  Plaintiff moves for summary judgment on this Count and argues that the Policy at issue here is "excess" to a Defendant's policy issued by CICNA and, therefore, under the terms of the Policy, it owes no duty to defend.  (*Id*. at 10.)

Since federal jurisdiction is founded on diversity of citizenship, the Policy must be interpreted under Colorado law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).  In Colorado, interpretation of insurance contract terms is based upon the familiar principles of contract interpretation.  *Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1090 (Colo. 1991).  Contract language is to be interpreted according to its plain and ordinary meaning whenever possible.  *Chacon v. American Family Mutual Ins. Co.*, 788 P.2d 748, 750 (Colo. 1990).  If language is ambiguous, it must be construed against the insurer.  *Hecla*, 811 P.2d at 1090.  Terms are ambiguous when they are susceptible to more than one reasonable interpretation.  *Id.* at 1091.

The Policy states that "[w]hen this insurance is excess, we will have no duty . . . to defend the insured against any 'suit' if any other insurer has a duty to defend the insured against that 'suit'."  (ECF No. 14 at 4-5.)  It is undisputed that CICNA has a duty to defend Stephenson in the Underlying Actions and is providing such defense.  (*Id.*at 8.)  Therefore, the sole issue remaining is whether the Policy is "excess" to the CICNA

policy.

The Policy is "excess" when there is any other insurance policy that provides coverage for the damages at issue and where such damages existed before the inception of the Policy.  (*Id*. at 4-5.)  As set forth above, CICNA's policy provides coverage for the damages at issue in the Underlying Actions.  Moreover, it is undisputed that the loss at issue in the Underlying Actions existed before the Policy's term began.  (*Id*. at 10-11.)  Therefore, Plaintiff's Policy is excess to CICNA's policy.

Because Plaintiff's Policy is excess, per the terms of the Policy, the Court concludes that Plaintiff owes no duty to defend Defendant in the Underlying Actions and summary judgment in favor of Plaintiff on Count I of its Complaint is appropriate.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 14) is GRANTED.  When the remaining claims have been disposed of, the Clerk shall enter judgment in favor of Plaintiff on Count I of its Complaint.

Dated this 19th day of September, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge